UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD GROS | CIVIL ACTION |
| VERSUS | NO: 10-4340 |
| ASHLAND SERVICES, ES&H, INC.<br>BP EXPLORATION & PRODUCTION, INC.,<br>BP AMERICA PRODUCTION CO., AND<br>BP CORPORATION NORTH AMERICA, INC. | SECTION " J " ( 3) |

### ANSWER TO COMPLAINT FOR DAMAGES AND RULE 12(B)(6) DEFENSE

**NOW INTO COURT,** through undersigned counsel, comes Ashland Services, LLC and responds to the Complaint filed by Chad Gros, as follows:

### Rule 12(B)(6) Defense

The Complaint for Damages fails to state a claim upon which relief may be granted.

### ANSWER

And now, Ashland Services, LLC answers plaintiff's Complaint as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of the Complaint are denied except to admit that Ashland Services, LLC is a Louisiana limited liability company authorized to do business in Louisiana.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein..

4.

The allegations contained in Paragraph 4 of the Complaint are denied.

5.

The allegations contained in Paragraph 5 of the Complaint are denied.

6.

The allegations contained in Paragraph 6 of the Complaint are denied.

7.

The allegations contained in Paragraph 7 of the Complaint are denied.

8.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein..

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein..

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein..

14.

The allegations contained in Paragraph 14 of the Complaint are denied.

15.

The allegations contained in Paragraph 15 of the Complaint are denied.

16.

The allegations contained in Paragraph 16 of the Complaint are denied.

17.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Complaint do not require an answer from this defendant, but out of an abundance of caution, same are denied.

19.

The allegations contained in Paragraph 19 of the Complaint are denied.

20.

The allegations contained in Paragraph 20 of the Complaint are denied.

## SECOND DEFENSE

There was no fault, neglect or other basis for liability or responsibility on the part of defendant with respect to the incident complained of.  Defendant avers that the incident occurred as a result of the plaintiff's own fault or neglect.

## THIRD DEFENSE

In the further alternative, the comparative negligence of the plaintiff is plead in bar to or in diminution of recovery herein.

## FOURTH DEFENSE

As a separate and complete defense and in the alternative, defendant avers that the accident referred to in the Complaint, if same did occur, resulted from the negligence or fault of third parties and/or the unseaworthiness of a vessel or vessels for whom or which Ashland Services, LLC is not legally responsible.

## FIFTH DEFENSE

In the further alternative, the negligence of any third parties for which this defendant has no liability, was a contributing cause of the accident and should be considered in the assessment and the apportionment of damages.

**S<small>IXTH</small> D<small>EFENSE</small>**

Alternatively, Ashland Services, LLC is entitled to an offset and/or credit with respect to any payments that may have been made in order to prevent a double recovery.

**S<small>EVENTH</small> D<small>EFENSE</small>**

As a separate and complete defense, Ashland Services, LLC avers that the awarding of punitive or exemplary damages violates the provisions of the Eighth Amendment and Fourteenth Amendment of the United States Constitution, and/or Article 1, Section 10, of the United States Constitution, and is unconstitutional

**E<small>IGHTH</small> D<small>EFENSE</small>**

An award of punitive damages in this case would be unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as the Louisiana Constitution.

**N<small>INTH</small> D<small>EFENSE</small>**

An award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Louisiana Constitution.

**T<small>ENTH</small> D<small>EFENSE</small>**

An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent that Ashland Services, LLC was adjudged liable for punitive damages based not on its own conduct, but rather for other persons' conduct, whether under the doctrines of joint and several liability, solidary liability, vicarious liability, *respondeat superior*, or otherwise.

## ELEVENTH DEFENSE

The Plaintiff's claims for punitive damages further violates Article I, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

A. The procedures pursuant to which punitive damages are awarded do not provide limits to or specific standards for the amounts of the award, which thereby violates the due process clause of the Fourteenth Amendment of the U.S. Constitution;
B. The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts, which violates the equal protection clause of the Fourteenth Amendment of the U.S. Constitution;
C. The procedures pursuant to which punitive damages are awarded violate the dormant commerce clause of the United States Constitution, Article I, Section 8 to the extent that non-resident defendants are assessed punitive damages on a disparate and unequal basis.

## TWELFTH DEFENSE

The award of punitive damages against Ashland Services, LLC in this action would violate the due process clause of the United States Constitution in accordance with the decisions rendered by the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), *Cooper Imd. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001), *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 US 408, 123 S.Ct. 1513 (2003), *Exxon Shipping Company v. Baker*, __ U.S. __, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008).

## CROSS CLAIM

**AND NOW**, comes Ashland Services, LLC as cross-claimant and files this Cross-Claim against Cross-Defendants, ES&H, Inc., BP Exploration & Production, Inc. BP America Production Co., and BP Corporation North America, Inc. as follows:

1.

Ashland Services, LLC has paid maintenance and cure payments and advances to or on behalf of Chad Gros.  As there was no fault or neglect on the part of Ashland Services, LLC that caused plaintiff's alleged injuries and/or damages, it is entitled to be reimbursed all such payments from any award plaintiff may recover from these defendants .

**WHEREFORE**, Ashland Services, LLC pray that its Answer to the Complaint for Damages be deemed good and sufficient and that after due proceedings be had, there be judgment herein in favor of Ashland Services, LLC, dismissing the Complaint for Damages, with prejudice, at plaintiff's own cost, and for all general and equitable relief.

Alternatively, Ashland Services, LLC prays that it recovers all payments and/or advances made to or on behalf of plaintiff from any award plaintiff may recover from the cross-defendants.

                                            Respectfully submitted,

                                            **ADAMS AND REESE LLP**

                                            By: /s/ Thomas G. O'Brien
                                                  THOMAS G. O'BRIEN (Bar # 10149)
                                                  4500 One Shell Square
                                                  New Orleans, LA  70139
                                                  Telephone: (504) 581-3234
                                                  Facsimile: (504) 566-0210
                                                  *Counsel for Ashland Services, LLC*

### CERTIFICATE OF SERVICE

I do hereby certify that on this 12th day of <u>April, 2011</u>, the foregoing document was filed with the Clerk of Court and is available for viewing and downloading from the CM/ECF system.  Notice of Electronic Case Filing has been sent automatically to all counsel on the electronic service list.  Any counsel not included on the e-mail service list received a copy via facsimile.

                                                            /s/ Thomas G. O'Brien

Case 2:10-cv-04340-CJB-DEK   Document 9   Filed 04/12/11   Page 8 of 8